FJN:ADW
F. #2020R00682

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

EDISON HERNANDEZ,
    also known as "dragoncove,"
    "originaldragoncove,"
    "theoriginaldragoncove" and
    "Nino,"
MICHAEL CARUSO and
RAYMER YNOA,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No._____
(T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(B)(viii), 841(b)(1)(C),
841(b)(1)(E), 841(h)(1)(A),
841(h)(1)(B), 846, 853(a) and 853(p);
T. 18, U.S.C., §§ 2 and 3551 et seq.)

**FILED**
12:10 pm, May 26, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1:22-cr-00245(CBA)(CLP)

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

    1.    Individuals established online marketplaces for narcotics and other illegal items. These marketplaces commonly existed on the dark web, a part of the internet located beyond the reach of traditional internet browsers and accessible only through the use of networks designed to conceal user identities.

    2.    Silk Road, AlphaBay, Dream Market and Wall Street Market were large global dark web marketplaces. All of these marketplaces functioned like conventional e-commerce websites but were geared towards the trafficking of contraband. Vendors advertised the sale of illegal narcotics and other contraband, among other things. Buyers purchased the illegal narcotics and contraband and paid for the purchased goods using digital currency.

Vendors then shipped the goods through the United States mail and other means of delivery. These dark web marketplaces required their users to trade in digital currencies, primarily Bitcoin, and did not allow for transactions in official, government-backed fiat currency.

3. Vendors and buyers on Silk Road, AlphaBay, Dream Market and Wall Street Market operated under anonymous monikers. However, vendors received ratings from buyers based on, among other things, the quality of the contraband, reliability of delivery and volume of traffic. In addition, vendors received rankings from the marketplace administrators based on user input.

4. Vendors on dark web marketplaces encrypted their communications with buyers through a methodology known as PGP encryption. Secure communication using PGP encryption required the use of what is known as a "public key," which is a string of alphanumeric characters that enabled a user to receive encrypted messages from others. Public keys were included in dark web listings for illegal narcotics and contraband and were associated with specific anonymous monikers.

HERNANDEZ'S SALE OF NARCOTICS OVER THE DARK WEB

5. From at least in or about and between January 2013 to September 2013, the defendant EDISON HERNANDEZ, also known as "dragoncove," "originaldragoncove," "theoriginaldragoncove" and "Nino," operated as a vendor of illegal narcotics on Silk Road under the username "dragoncove." Using Silk Road, HERNANDEZ advertised and sold heroin and cocaine to customers in the United States.

6. From at least in or about and between September 2016 to June 2017, the defendant EDISON HERNANDEZ operated as a vendor of illegal narcotics on AlphaBay under

the username "theoriginaldragoncove." Using AlphaBay, HERNANDEZ advertised and sold heroin and cocaine to customers in the United States.

7. From at least in or about and between January 2019 to February 2019, the defendant EDISON HERNANDEZ operated as a vendor of illegal narcotics on Dream Market under the username "originaldragoncove." Using Dream Market, HERNANDEZ advertised and sold heroin and cocaine to customers in the United States.

8. In or about April 2019, the defendant EDISON HERNANDEZ operated as a vendor of illegal narcotics on Wall Street Market under the username "dragoncove." Using Wall Street Market, HERNANDEZ advertised and sold heroin and cocaine to customers in the United States.

9. The defendant EDISON HERNANDEZ employed the same unique PGP public key to operate the "dragoncove" account on Silk Road, the "theoriginaldragoncove" account on AlphaBay, the "originaldragoncove" account on Dream Market and the "dragoncove" account on Wall Street Market.

10. The defendant EDISON HERNANDEZ directed customers on Silk Road, AlphaBay, Dream Market and Wall Street Market to pay him in Bitcoin.

11. The defendant EDISON HERNANDEZ completed more than one thousand transactions on Silk Road, AlphaBay, Dream Market and Wall Street Market and regularly received high ratings and positive reviews from buyers.

THE DEFENDANTS' OPERATION OF A DOOR-TO-DOOR DRUG DELIVERY SERVICE

12. In or about and between February 2019 and January 2022, the defendants EDISON HERNANDEZ, also known as "dragoncove," "originaldragoncove," "theoriginaldragoncove" and "Nino," MICHAEL CARUSO and RAYMER YNOA operated a

door-to-door drug delivery service in the New York City area. The defendants communicated with customers via an encrypted communication platform and called their service "Nino & Viktor's Pastry Shoppe." Together, the defendants sold and distributed cocaine, methamphetamine, ketamine and 3,4-Methylenedioxymethamphetamine, also known as MDMA or Ecstasy, to others through the delivery service.

13. Customers placed orders with "Nino & Viktor's Pastry Shoppe" by exchanging written messages with a particular phone number over an encrypted communication platform. The delivery service's order number was controlled by the defendant EDISON HERNANDEZ, who used the name "Nino." The delivery service had a set menu of available drugs, and customers ordered particular drugs by using the code names assigned to them on the business's menu. For example, the defendants referred to cocaine as "grapes" and to methamphetamine as "tic tacs."

14. In addition, customers ordered drugs not by weight, but by "unit," with each unit costing $100, regardless of the drug. Hence, a customer who ordered "two grapes" and "two tic tacs" would pay a total of $400 for two "units" of cocaine and two "units" of methamphetamine.

15. After receiving orders for a particular day, either of the defendants MICHAEL CARUSO and RAYMER YNOA, or both, would drive a vehicle to and within Brooklyn, New York and New York, New York, to make door-to-door deliveries to narcotics customers at addresses provided by the customers.

## COUNT ONE
(Distribution and Possession with Intent to Distribute Heroin and Cocaine)

16. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between May 2017 and April 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDISON HERNANDEZ, also known as "dragoncove," "originaldragoncove," "theoriginaldragoncove" and "Nino," together with others, did knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing heroin, a Schedule I controlled substance; and (b) a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWO
(Delivery and Distribution of Heroin and Cocaine by Means of the Internet)

18. The allegations contained in paragraphs one through 11 are realleged and incorporated as if fully set forth in this paragraph.

19. In or about and between May 2017 and April 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EDISON HERNANDEZ, also known as "dragoncove," "originaldragoncove," "theoriginaldragoncove" and "Nino," together with others, did knowingly and intentionally deliver and distribute one or more controlled substances by means of the Internet, and did aid and abet such activity, in such a manner not authorized by Subchapter I of Chapter 13 of Title

21, United States Code, which offense involved (a) a substance containing heroin, a Schedule I controlled substance; and (b) a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(h)(1)(A).

(Title 21, United States Code, Sections 841(h)(1)(A), 841(h)(1)(B) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Distribute and Possess with Intent to Distribute
Cocaine, Methamphetamine, Ketamine and MDMA)

20.     The allegations contained in paragraphs 12 through 15 are realleged and incorporated as if fully set forth in this paragraph.

21.     In or about and between February 2019 and January 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EDISON HERNANDEZ, also known as "dragoncove," "originaldragoncove," "theoriginaldragoncove" and "Nino," MICHAEL CARUSO and RAYMER YNOA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; (b) a substance containing methamphetamine, a Schedule II controlled substance; (c) a substance containing ketamine, a Schedule III controlled substance; and (d) a substance containing 3,4-Methylenedioxymethamphetamine, also known as MDMA or Ecstasy, a Schedule I controlled substance.   The amount of methamphetamine involved in the conspiracy attributable to the defendants as a result of their own conduct, and the

conduct of other conspirators reasonably foreseeable to them, was five grams or more of methamphetamine, its salts, isomers and salts of its isomers.

(Title 21, United States Code, Sections 846, 841(b)(1)(B)(viii), 841(b)(1)(C) and 841(b)(1)(E); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

22. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offenses, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to approximately one hundred four thousand four hundred fifty-four dollars and zero cents ($104,454.00) in United States currency seized on or about July 31, 2020, from a property located on Cooper Street in Brooklyn, New York.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

*Thomas J Paradis*
FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R00682
FORM DBD-34
JUN. 85

No. _____

## UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

EDISON HERNANDEZ, also known as "dragoncove," "originaldragoncove," and "theoriginaldragoncove," MICHAEL CARUSO and RAYMER YNOA,

Defendants.

### INDICTMENT

(T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(B)(viii), 841(b)(1)(C), 841(b)(1)(E), 841(h)(1)(A), 841(h)(1)(B), 846, 853(a) and 853(p); T. 18, U.S.C., §§ 2 and 3551 et seq.)

*A true bill.*

_____
                                                        *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* \_\_\_\_\_

_____
                                                        *Clerk*

*Bail, $* _____

*Andrew D. Wang, Assistant U.S. Attorney (718) 254-6311*